# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10105 | **DATE** | 1/3/13 |
| **CASE TITLE** | Carlos Stokes (#2012-0809159) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff submitted a motion for leave to proceed *in forma pauperis* [#3] that is incomplete. The motion is denied. Additionally, Plaintiff must submit a proposed amended complaint (along with a judge's copy and service copies). Cook County Jail and Toni Preckwinckle are dismissed as Defendants. The Clerk is directed to send Plaintiff an amended complaint form, an application to proceed *in forma pauperis*, and instructions along with a copy of this order. The Clerk shall also forward a copy of this order to the trust fund officer at the Cook County Jail to facilitate compliance. Failure of Plaintiff to comply with these directives within thirty days will result in summary dismissal of this case.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

    Plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and has submitted an incomplete and uncertified motion to proceed *in forma pauperis* containing no trust fund information. Plaintiff alleges that he was housed in a building at the Cook County Jail that has been condemned for a total of weeks in May of 2012 and another two weeks in August of 2012 because of overcrowding at the jail.

    An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. Plaintiff has not submitted an application certified by a prison official. Plaintiff is reminded that the certification must be properly completed and executed by an authorized officer of his correctional institution.

    Additionally, in order for the Court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has included copies of his prison trust fund ledgers indicating his balance as of August 28, 2012 and then 18 months prior. Accordingly, the information provided is stale.

    In short, if Plaintiff wants to proceed with this lawsuit, he must submit a properly certified i.f.p. petition by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from June 20, 2012, through December 20, 2012]. The Clerk will provide Plaintiff with a blank i.f.p. application. The Clerk shall also forward a copy of this order to the trust fund officer at the Cook County Jail to facilitate compliance. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

    Additionally, Plaintiff's complaint is deficient and will be dismissed without prejudice. Initially, the Cook County Jail is not a suable entity. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). Consequently, to the extent Plaintiff intended to name the Jail as a Defendant, it is not proper and is dismissed.

**(CONTINUED)**

## STATEMENT  (continued)

Further, Plaintiff does not satisfy the pleading requirements of FED. R. CIV. P. 8(a). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). It is a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. 544, 555 (citations omitted).

To state a § 1983 claim about adverse jail conditions, Plaintiff must allege facts that, if true, would establish both: (1) that the conditions were "sufficiently serious" such that they denied him of the "minimal civilized measure of life's necessities," and (2) if the conditions were sufficiently serious, that the defendant acted with deliberate indifference to those conditions, i.e., that he or she actually knew of the conditions but refused to take reasonable steps to resolve them. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citation omitted). Plaintiff has not alleged enough facts in his proposed complaint to determine whether the conditions he was subjected to were sufficiently serious. Plaintiff does not actually describe the conditions, he merely states that he was housed in a condemned building.

Additionally, the Plaintiff's allegations seeking to hold Toni Preckwinckle liable for a violation of his rights under the Civil Rights Act are dismissed pursuant to 28 U.S.C. § 1915A. The President of the Cook County Board of Commissioners cannot be held liable for the actions of the Sheriff's Department. Illinois law specifically provides that the Cook County Department of Corrections is a department created within the office of the Cook County Sheriff. *See* 55 ILCS 5/3-15002 and 15003 (2004). Policies concerning jail operation "are solely under the supervision" of the Sheriff as "an independently-elected constitutional officer." *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000), *quoting Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). It is the Sheriff who has final policymaking authority over jail operations, not the Cook County Board or its president. *Wade v. Stroger*, No. 98 C 4262, 2000 WL 992286, at *3 (N.D. Ill. June 22, 2000) (Zagel, J.). Preckwinckle accordingly cannot be held liable for any constitutional violations Plaintiff may have endured while in the custody of the Cook County Department of Corrections. *Id.* Consequently, Defendant Preckwinckle is dismissed from this cause of action.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, Plaintiff must submit: (1) a properly completed and certified application to proceed *in forma pauperis,* or pay the statutory filing fee; and (2) a proposed amended complaint, plus judge's and service copies. Plaintiff should only submit an amended complaint to the extent he can state a valid claim under § 1983. If he submits an amended complaint and the Court finds that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court will dismiss the case with prejudice and issue a strike pursuant to 28 U.S.C. § 1915(g). The Clerk will provide Plaintiff with the necessary forms along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case.