# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10105 | **DATE** | 2/5/13 |
| **CASE TITLE** | Carlos Stokes (#2012-0809159) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

On January 3, 2013, the Court ordered Plaintiff to submit a properly completed and certified i.f.p. application and an amended complaint. Plaintiff has submitted an i.f.p. application that does not comply, and a proposed amended complaint that is insufficient to withstand review pursuant to 28 U.S.C. § 1915A. Accordingly, Plaintiff's motion to proceed i.f.p. [#7] is denied. Additionally, Plaintiff must submit a proposed second amended complaint naming a suable Defendant (along with a judge's copy and service copies). Cook County Jail is dismissed as a Defendant. The Clerk is directed to send Plaintiff an amended complaint form, an application to proceed *in forma pauperis*, and instructions along with a copy of this order. The Clerk shall also forward a copy of this order to the trust fund officer at the Cook County Jail to facilitate compliance. Failure of Plaintiff to comply with these directives within thirty days will result in summary dismissal of this case.

■ **[For further details see text below.]**                                                                                          Docketing to mail notices.

## STATEMENT

On January 3, 2013, the Court ordered Plaintiff to submit a properly completed and certified i.f.p. application and a proposed amended complaint. Plaintiff has submitted both, but neither is sufficient. Accordingly, Plaintiff's motion to proceed i.f.p. is again denied, and he must submit a proposed second amended complaint.

An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. Plaintiff has not submitted an application certified by a prison official. Plaintiff is reminded that the certification must be properly completed and executed by an authorized officer of his correctional institution.

Additionally, in order for the Court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has included copies of his prison trust fund ledgers indicating his balance from August to October of 2012. Accordingly, the information provided is stale and insufficient.

In short, if Plaintiff wants to proceed with this lawsuit, he must submit a properly certified i.f.p. petition by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from June 20, 2012, through December 20, 2012]. In Plaintiff's case, because it appears he entered the jail in August, the Court would accept financial information from August until the end of 2012 as sufficient. The Clerk will provide Plaintiff with a blank i.f.p. application. The Clerk shall also forward a copy of this order to the trust fund officer at the Cook County Jail to facilitate compliance. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

**(CONTINUED)**

AWL

Additionally, as Plaintiff was informed in the Court's order of January 3, 2013, the Cook County Jail is not a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Consequently, to the extent Plaintiff intended to name the Jail as a Defendant, it is not proper and is dismissed.

Further, Plaintiff again does not satisfy the pleading requirements of FED. R. CIV. P. 8(a). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). It is a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. 544, 555 (citations omitted). Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004).

To state a § 1983 claim about adverse jail conditions, Plaintiff must allege facts that, if true, would establish both: (1) that the conditions were "sufficiently serious" such that they denied him of the "minimal civilized measure of life's necessities," and (2) if the conditions were sufficiently serious, that the Defendant acted with deliberate indifference to those conditions, i.e., that he or she actually knew of the conditions but refused to take reasonable steps to resolve them. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citation omitted). Plaintiff has not alleged enough facts in his proposed amended complaint to determine whether the conditions he was subjected to were sufficiently serious. Plaintiff does not actually describe the conditions, he merely states that there was a lack of lighting and proper water, and he received no medical treatment. Plaintiff gives no time-frame for the alleged conditions, and his allegations are inadequate and conclusory.

In cases implicating the cruel and unusual punishment clause of the Eighth Amendment, the Court must take into account the duration of the condition in determining whether it is unconstitutional *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Accordingly, Plaintiff must submit a proposed second amended complaint, naming a suable entity or person, responsible for the alleged constitutional violation, and giving the Defendants fair notice of his claim.

For the foregoing reasons, the Court dismisses the proposed amended complaint on file without prejudice. Plaintiff is granted thirty days in which to submit a proposed second amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the second amended complaint, without reference to the original or proposed amended complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, Plaintiff must submit: (1) a properly completed and certified application to proceed *in forma pauperis,* or pay the statutory filing fee; and (2) a proposed second amended complaint, plus judge's and service copies. Plaintiff should only submit a second amended complaint to the extent he can state a valid claim under § 1983. If he submits a second amended complaint and the Court finds that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court will dismiss the case with prejudice and issue a strike pursuant to 28 U.S.C. § 1915(g). The Clerk will provide Plaintiff with the necessary forms along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case.