# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10105 | **DATE** | 3/18/13 |
| **CASE TITLE** | Carlos Stokes (#2012-0809159) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

As ordered, Plaintiff submitted a motion for leave to proceed *in forma pauperis* [#10]. The motion is granted. The court authorizes and orders Cook County Jail officials to deduct $35.67 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is closed on the Court's docket. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and has submitted an incomplete and uncertified motion to proceed *in forma pauperis* containing no trust fund information. Plaintiff alleges that he "was housed in a building at the Cook County Jail that has been condemned for a total of weeks in May of 2012 and another two weeks in August of 2012 because of overcrowding at the jail." On January 3, 2013, and again on February 5, 2013, having failed to comply with the January 3, 2013, order, the Court ordered Plaintiff to submit a properly completed and certified i.f.p. application and a proposed amended complaint.

This time, Plaintiff's application to proceed i.f.p. is complete, and it is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $16.01. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

    Plaintiff has been given two opportunities to amend his complaint. In both of the Court's orders of January 3, 2013, and February 5, 2013, Plaintiff was instructed to name a suable entity in his proposed amended complaint(s) and advised that he had failed to satisfy the notice pleading requirements set out in Fed. R. Civ. P. 8(a). *See also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). The Court went on, in both previous orders, to instruct Plaintiff on the pleading requirements for a conditions of confinement case, informing him that in order to state a § 1983 claim about adverse jail conditions, Plaintiff must allege facts that, if true, would establish both: (1) that the conditions were "sufficiently serious" such that they denied him of the "minimal civilized measure of life's necessities," and (2) if the conditions were sufficiently serious, that the Defendant acted with deliberate indifference to those conditions, *i.e.*, that he or she actually knew of the conditions but refused to take reasonable steps to resolve them. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citation omitted). Plaintiff again has not alleged enough facts in his proposed second amended complaint to determine whether the conditions that he was subjected to were sufficiently serious. Plaintiff does not actually describe the conditions; he merely states that he was housed in a condemned building.

    Amendment of a complaint is inappropriate where the amendment is futile. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). An amendment is considered "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007). Plaintiff's complaint is futile as it does not satisfy the pleading requirements of FED. R. CIV. P. 8(a) which require, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Plaintiff has failed on two occasions to comply with court orders explicitly informing him of what he must plead in order to state a claim. At this point, the Court can only infer that any further attempt to re-plead would be futile.

    For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted, and shall remain closed on the Court's docket. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

    If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."